

# THE ATTORNEY GENERAL
# OF TEXAS

## AUSTIN 11, TEXAS

PRICE DANIEL
ATTORNEY GENERAL

September 19, 1949

Hon. Enos T. Jones
County Attorney
Floyd County
Floydada, Texas

Opinion No. V-907.

Re: The authority of the
Commissioners' Court
to prevent electric
companies from using
county right-of-way
for the erection of
poles.

Dear Sir:

Reference is made to your recent request which reads, in part, as follows:

"The Commissioners Court of Floyd County has requested an opinion as to their authority to prohibit the use of certain (or all if necessary, in their opinion) county road right-of-ways in such county, by an electric energy distributing company.

"Does this article (1436a) give the Commissioners Court of Floyd County, Texas the authority to prevent or prohibit an electric energy distributing company from using the right-of-way of the county roads of such county, for the purpose of erecting poles to be used to transfer and distribute electric energy?"

The Supreme Court of Texas in the case of State, ex rel City of Jasper v. Gulf States Utilities Co., 144 Tex. 184, 189 S.W.2d 693 (1945) held that the Commissioners' Court was without power to grant to a public utility company the right to use the county roads to carry on an electrical utility business. However, the 51st Legislature passed House Bill 393 (Art. 1436a) which provides, in part, as follows:

"Section 1. Corporations organized under the Electric Cooperative Corporation Act of this State, and all other corporations (including River Authorities created by the Legislature of this State) engag-

ed in the generation, transmission and/or the distribution of electric energy in Texas and whose operations are subject to the Judicial and Legislative processes of this State, <u>shall have the right to erect, construct, maintain and operate lines over, under, across, upon and along any State highway or county road in this State,</u> except within the limits of an incorporated city or town; and to maintain and operate existing lines located on such highways and county roads; and to erect, maintain and operate lines over, across and along the streets, alleys and other public property in any incorporated city or town in this State, with the consent and under the direction of the governing body of such city or town. Except as modified or changed by ordinance or regulation in incorporated cities and towns, all lines for the transmission and distribution of electric energy, whether along highways or elsewhere, shall be constructed, operated and maintained, as to clearances, in accordance with the National Electrical Safety Code, as published in March, 1948, by the National Bureau of Standards, Handbook 30, provided that lines along highways and county roads shall be single pole construction, and provided that at any place where a transmission line crosses a highway or road it shall be at least twenty-two (22) feet above the surface of the traffic lane. <u>Any such corporation shall notify the State Highway Commission, or the Commissioners Court having jurisdiction, as the case may be, when it proposes to build lines along the right-of-way of any State highway, or county road, outside the limits of an incorporated city or town, whereupon the Highway Commission, or the Commissioners Court, may, if it so desires, designate the place along the right-of-way where such lines shall be constructed.</u> The public agency having jurisdiction or control of a highway or county road, that is, the Highway Commission or the Commissioners Court, as the case may be, may require any such corporation, at its own expense, to re-locate

its lines on a State highway or county road outside the limits of an incorporated city or town, so as to permit the widening of the right-of-way, changing of traffic lanes, improvement of the road bed, or improvement of drainage ditches located on such right-of-way by giving thirty (30) days written notice to such corporation and specifying the line or lines to be moved, and indicating the place on the new right-of-way where such line or lines may be placed. In the event a State highway or county road on which lines have been built passes through or into an unincorporated city or town, which thereafter becomes an incorporated city or town, the corporation owning such lines shall continue to have the right to build, maintain and operate its lines along, across, upon and over the roads and streets within the corporate limits of such city or town for a period of ten (10) years from and after the date of such incorporation, but thereafter only with the consent of the governing body of such city or town, but this provision shall not be construed as prohibiting such city or town from levying taxes and such special charges for the use of the streets as are authorized by Article 7060, Revised Statutes of the State of Texas; and the governing body of such city or town may require any such corporation, at its own expense, to re-locate its poles and lines so as to permit the widening or straightening of streets, by giving to such corporation thirty (30) days notice and specifying the new location for such poles and lines along the right-of-way of such street or streets." (Emphasis added)

In this regard see also Incorporated Town of Hempstead v. Gulf States Utilities Co., 146 Tex. 250, 206 S.W.2d 227 (1947), and Koslosky v. Texas Electric Service Co., 213 S.W.2d 853 (Tex.Civ.App.1948, error ref.).

Under the plain provisions of House Bill 393, the Commissioners' Court may designate the place along the right-of-way where such lines shall be constructed, upon being notified by the corporation of its proposal

to build a line along the right-of-way of a county road outside the limits of an incorporated city or town. However, nowhere in the Act does it provide that the Commissioners' Court may prohibit such a company from using rights-of-ways of county roads outside the corporate limits of a city or town for the purpose of erecting poles to be used in the distribution of electric energy. On the contrary, such corporations are expressly granted the right to use the rights-of-ways of public roads outside the corporate limits of cities and towns for distributing electric energy. In view of the foregoing, it is our opinion that the Commissioners' Court of Floyd County may not prohibit an electric energy distributing company from using such rights-of-ways of county roads for such purpose.

## SUMMARY

By House Bill 393 (Art. 1436a), the 51st Legislature granted distributors of electric energy the right to place lines and poles along public highways and roads. Therefore, the Commissioners' Court of Floyd County cannot prohibit such use of county roads but may designate the portion of the right-of-way to be so used.

Yours very truly,

ATTORNEY GENERAL OF TEXAS

By *Bruce Allen*

Bruce Allen
Assistant

BA:mw

APPROVED

*Price Daniel*
ATTORNEY GENERAL